UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

GABY FRAIFER,                                              Chapter 11
                                                           Case No.: 8:22-bk-02423-MGW
      Debtor
_____/

**NOTICE OF EXAMINATION *DUCES TECUM* PURSUANT TO FEDERAL
RULES OF BANKRUPTCY PROCEDURE 2004 AND
<u>NOTICE OF SUBPOENA</u>**
*Documents are requested in lieu of appearance*

DISH NETWORK L.L.C. as creditor of GABY FRAIFER (the "Debtor"), through undersigned counsel, gives notice that **Fidelity Brokerage Services LLC,** shall produce Documents, as defined and identified in **Exhibit "A"** of the attached Subpoena on or before **Thursday, August 11, 2022** no later than **5:00 P.M. at Sequor Law, P.A., 1111 Brickell Avenue, Suite 1250, Miami, FL 33131.**

    The examination is pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Rule 2004-1. The scope of the examination shall be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1, no order shall be necessary.

    Production: The examinee or your representatives, must also produce the documents, electronically stored information, or objects described on the attached Exhibit for Rule 2004 Examination, and must permit inspection, copying, testing, or sampling of the materials.

    Dated: July 19, 2022                        Respectfully submitted,

SEQUOR LAW, P.A.<br>
1111 Brickell Avenue, Suite 1250<br>
Miami, Florida 33131<br>
Telephone: 305-372-8282<br>
Facsimile: 305-372-8202<br>
E-Mail: dcoyle@sequorlaw.com<br>
E-mail: afinley@sequorlaw.com

By:  */s/ Amanda E. Finley*
Daniel M. Coyle
Florida Bar No. 55576
Amanda E. Finley
Florida Bar No. 100225

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via regular US mail to all participants who are not on the list to receive e-mail notice/service for this case as indicated on the service list on July 19, 2022.

*/s/ Amanda E. Finley*
Amanda E. Finley

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Amanda E Finley**   afinley@sequorlaw.com; ngonzalez@sequorlaw.com
- **Buddy D Ford**   Buddy@TampaEsq.com; Jonathan@tampaesq.com; Heather@tampaesq.com; Staci@tampaesq.com; Nicholle@tampaesq.com
- **Ruediger Mueller**   trustee@tcmius.com; crm11@trustesolutions.net
- **Nicole Peair**   Nicole.W.Peair@USdoj.gov
- **Jonathan A Semach**   jonathan@tampaesq.com; staci@tampaesq.com; heather@tampaesq.com; nicholle@tampaesq.com
- **United States Trustee - TPA**   USTPRegion21.TP.ECF@USDOJ.GOV

**Manual Notice List**

- **GABY FRAIFER**                              **GABY FRAIFER**
  4801 Longwater Way                              PO Box 260998
  Tampa, FL 33615-4216                            Tampa, FL 33685

**Via Process Server:**
- **Fidelity Brokerage Services LLC**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

GABY FRAIFER,                           Chapter 11
                                                          Case No.: 8:22-bk-02423-MGW

Debtor
_____/

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE**

**To:**            **FIDELITY BROKERAGE SERVICES LLC**
**By Serving:**    **C T Corporation System, Registered Agent**
                 **1200 South Pine Island Road**
                 **Plantation, FL 33324**

☑ *Production:* You, or your representatives, must also produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material requested in the attached **Exhibit A**. Alternatively, you may submit requested documents to counsel at: afinley@sequorlaw.com and gacosta@sequorlaw.com.

| **Place (if not produced electronically):**    Sequor Law, P.A.    1111 Brickell Avenue, Suite 1250    Miami, Florida 33131 | **Date and Time:**    **Thursday, August 11, 2022**    **by no later than 5:00p.m.** |
|---|---|

    The examination will be recorded by this method:  Documents only, no testimony will be taken at this time.

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   July 19, 2022                                     */s/ Amanda E. Finley*
                                                                            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing DISH NETWORK L.L.C., who issues or requests this subpoena, are: **Daniel Coyle, Esq.,** dcoyle@sequorlaw.com, and **Amanda E. Finley, Esq.**, afinley@sequorlaw.com, gacosta@sequorlaw.com ; Brickell Avenue, Suite 1250, Miami, FL 33131; (305) 372-8282.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____.

☐   I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ or

☐   I returned the subpoena unexecuted because:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the a mount of $_____.

My fees are $ _____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**1. Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)

• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

# **EXHIBIT A**

## **DEFINITIONS & INSTRUCTIONS**

As used in this request, the following words shall have the following meanings:

1. **Account.** "Account" means any accounts ending in 8887 and 8903, as well as any other account, regardless of the type of account, whether open or closed, that is (a) held in the name of any Customer (as defined below), (b) in which any Customer is a beneficiary or ultimate beneficial owner, or (c) in which any Customer is an authorized signatory.

2. **All.** "All" means one original, or one copy, of each "Document" as defined above. If you have the original, produce the original. If you have a copy but not the original, produce a single copy. If any copy differs from the original or another copy in any respect, including, without limitation, drafts or versions or copies containing notes, comments or insertions, produce each. Any foreign language copies, drafts or originals shall be produced in addition to their English counterparts.

3. **Bank.** "Bank" shall mean the person or entity to whom this subpoena is directed, together with its agents acting within the scope of such agency. Agents include but are not limited to members, managers, employees, consultants, brokers, attorneys, family members, representatives and any other person acting on Your behalf.

4. **CHIPS.** "CHIPS" means the Clearing House Interbank Payment System, operated by the New York Clearing House Association.

5. **Communication**. "Communication" means any exchange of words, notes, symbols, ideas, or thoughts between two or more people by any medium or method, including: hand-written; typed; e-mail; text message or via other telephone and/or electronic messaging service such as WhatsApp, Signal, Facebook Messenger, Instagram Messenger; recorded audio; voice recording; or any other medium or method capable of recording and electronically storing a Communication.

6. **Customer(s)**. "Customer(s)" refer(s) to each of the following entities or individuals and extends to any entities or individuals bearing a name of similar variation, as well as to any instance in which the Entities or Individuals are reflected as having any relation to the matters set forth in the "Document Requests":

    A. GABY FRAIFER;
    B. FRAIFER INVESTMENT, LLC;
    C. GTLF MADEIRA, LLC;
    D. GULF BRISAS LLC;
    E. TELE-CENTER, INC;
    F. PLANET TELECOM, INC.

7. **Document.** "Document" has the same meaning and scope as "documents or electronically stored information" within the meaning of Federal Rule of Civil Procedure 34(a)(1)(A).

8. **Fedwire.** "Fedwire" means the Federal Reserve's funds transfer system.

9.     **Items.** "Items" means any checks, wire transfers, drafts or any other document evidencing a debit or credit from or to any of the Accounts, respectively, including any document memorializing any incoming or outgoing remittances, debit and credit advices, cash deposit, or withdrawal, documentation such as SWIFT or any similar payment system, internally prepared slips or similar other paperwork, that is payable to or from any of the following or references an Entity or Individual.

10.    **Person.** "Person" means natural person(s), corporation(s), association(s), partnership(s), sole proprietorship(s) or public entity(ies).

11.    **Relevant Period.** "Relevant Period" shall mean the period of time beginning with the opening of each respective Account through and including the date of complete production of documents responsive to this Subpoena, including any period of time that production of responsive documents is delayed by the filing of any objection, motion to quash, or motion for protective order to this Subpoena.

12.    **Source of Funds.** "Source of Funds" shall mean the exact account that initiates a payment, including the name of the account holder, account number, bank name and bank address or routing number.

13.    **SWIFT.** "SWIFT" means the Society for Worldwide Interbank Financial Telecommunications.

14.    **Transfer.** "Transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or with an interest in an asset, including a gift, grant, alienation, bargain, sale, conveyance, lease, release, creation of lien or encumbrance, assignment, retention of title as a security interest, consignment, and bailments of any kind.

15.    The terms "and" and "or" shall each be interpreted in every instance, both conjunctively and disjunctively, as meaning "and/or" so as to bring within the scope of these document requests any information that might otherwise be construed to be outside their scope.

16.    The term "any" means "all" and vice versa.

17.    The term "including" means including but not limited to.

18.    The singular shall be construed to include the plural, and vice versa, to make the Request inclusive rather than exclusive.

19.    "Related to" or "Relating to" means referring to, pertaining to, being part of, regarding, evidencing, being evidence of, showing, generated or transmitted in the course of, constituting, memorializing, or concerning in any way, all or any part of the specified things, events, transactions, relationships, facts or contentions; or be logically or factually connected in any way with the matter discussed.

20.    As payment messages may not include the exact name of the Entities or Individuals, when searching for documents responsive to **Document Request Nos. 9 and 10**, please include payment messages or other Documents that include entities with names substantially similar to the names listed above.

21. Together with any Documents produced in response to this Subpoena, please provide an affidavit or certification sufficient to identify such Documents as business records of a regularly conducted activity, as described in the Federal Rules of Evidence 803(6).

22. These requests shall be deemed continuing to require You to reasonably supplement Your responsive production if You gain knowledge that Your response was incomplete.

## **GENERAL PROVISIONS**

1. Any document in Your possession or the possession of any individual or corporation over which You have custody or control, including, but not limited to, Your predecessor in interest, family members, agents, corporations, employees and, unless privileged, attorneys is deemed to be within Your possession or control. You have the affirmative duty to contact any third party, including the foregoing, that is within Your custody or control if such third party has documentation responsive to this Subpoena.

2. To the extent applicable to any Documents produced in response to this Subpoena, please provide an affidavit or certification sufficient to identify such Documents as business records of a regularly conducted activity, as described in Florida Statutes section 90.803(6).

3. The documents produced pursuant to this Subpoena for production of documents are to be segregated and identified by the number of the request to which the documents are responsive.

4. In the event You claim that any document requested is unavailable, lost, misplaced, or destroyed, state the following:

   a. the date You believe such document became unavailable, lost, misplaced, or destroyed; and

   b. the reason why such document became misplaced, lost, or destroyed.

5. In the event that You seek to withhold any document on the basis that it is covered by privilege, please provide the following information:

   a. The name of each author, writer, sender, or initiator of such document or thing, if any;

   b. The name of each recipient, addressee or party for whom such document or thing was intended, if any;

   c. The date of such document, if any, or an estimate thereof so indicated if no date appears on the document;

   d. The general subject matter as described in such document, or, if no such description appears, then such other description sufficient to identify said document; and

   e. The claimed grounds for withholding the document, including, but not limited to the nature of any claimed privilege and grounds in support thereof.

6. For each request, or part thereof, which is not fully responded to pursuant to a privilege, the nature of the privilege and grounds in support thereof should be fully stated, and that portion of the document not claimed to be privileged shall be produced.

7. If production of documents or other items required by this Request would be, in whole or in part, unduly burdensome, or if the response to an individual request for production may be aided by clarification of the request, contact Amanda F. Finley, the issuer of this Request, to discuss possible amendments or modifications of the Request within five (5) days of receipt of same.

8. Documents maintained in electronic form must be produced in their native electronic form with all metadata intact. Data must be produced in the data format in which it is typically used and maintained. For electronic mail systems using Microsoft Outlook or LotusNotes, provide all responsive emails and, if applicable, email attachments and any related documents, in their native file format (i.e., .pst for outlook personal folder, .nsf for LotusNotes). For all other email systems provide all responsive emails and if applicable, email attachments and any related documents in TIFF format.

   a. To the extent any electronically stored information, if produced in its native format, would be difficult or impossible to review because it would require proprietary or legacy software, said electronically stored information should be provided in Image (near-paper) format (i.e., .TIFF, or .PDF files) with a corresponding load file utilizing valid field delimiters and text qualifiers containing metadata and optical character recognition (OCR) extracted text for said electronically stored information named with the document identification (DocID) of its corresponding file.

   b. To the extent any electronically stored information is a password protected native file, the password for the native file should be provided as metadata in a text file named with the document identification (DocID) of the corresponding password protected native file.

9. To the extent that no single document exists or is in your possession, custody or control that contains all the information sought in any particular request, you are to provide such other documents in your possession, custody or control that are sufficient to show, compute, compile, or explain all the information sought in the request or as much information as is available.

10. These requests shall be deemed continuing so as to require you to reasonably supplement your responsive production if you gain knowledge that your response was incomplete.

11. You are requested to produce all documents that are in your possession, custody, or control, including, but not limited to, documents in the possession, custody or control of your affiliates, attorneys, consultants, professionals, agents, representatives, employees, subsidiaries, sister corporations, parent corporations or any other person or entity acting on your behalf. You have the affirmative duty to contact any third party, including the foregoing, from whom you have "the legal right to obtain the documents requested upon demand." Sergeeva v. Tripleton Int'l Ltd., 834 F.3d 1194, 1201 (11th Cir. 2016) (affirming order that U.S. company produce documents in the physical possession or custody of a foreign affiliate); SeaRock v. Stripling, 736 F.2d 650, 653–54 (11th Cir. 1984); In re Markus, 607 B.R. 379 (Bankr. S.D.N.Y. 2019).

## **DOCUMENT REQUESTS**

1. For the Relevant Period, and for each Account, all of the following Documents regarding such Account:

    a. account statements;
    b. wire transfer, EFT, or ACH payment requests for payments or contributions or deposits;
    c. all wire transfers (direct, external and correspondent banking wires), EFT, or ACH payment confirmations, details, or receipts for payments or contributions or deposits;
    d. cancelled checks (front and back);
    e. deposit slips or receipts for all deposits or contributions;
    f. records reflecting the receipt or delivery of securities;
    g. applications for finance, including documentation attached to or provided in connection therewith;
    h. credit reports;
    i. signature cards;
    j. statements of account and/or invoices;
    k. registration and/or title documentation;
    l. account opening Documents, including, without limitation, Know Your Customer Documents;
    m. account closing Documents
    n. all other Documents relating to the Source of Funds used to fund any of the Accounts, and;
    o. all other Documents relating to the funding of the Accounts.

2. For the Relevant Period, and for each Account, all Communications, e-mails, and recorded conversations between the Bank and any other person or entity regarding such account, including, but not limited to those between the Bank and each Customer and/or their agents.

3. All Documents and information in the Bank's possession, custody or control related to each of the Customers, including but not limited to bank accounts records, signatories and/or ultimate beneficiaries, securities and any and all other financial products, and applications, Communications and correspondences, whether written or oral, between the Bank and each Customer and/or their agents.

4. All Documents pertaining to open or closed loans, reflecting loans made to, guaranteed by or co-signed in relation to automobiles purchased and/or leased by or for the benefit of the Customer(s), including indentures, syndicated loans, etc. where the Bank acted as agent or trustee, including but not limited to:

    a. the most recent loan statement;
    b. applications for finance;
    c. all Documents reflecting all due diligence performed on any of the Customers to determine creditworthiness, including, but not limited to, all loan applications.
    d. contracts and all communications and/or documents related to contractual relationships;

    e. payment documentation (including copies of all checks, money orders, wire transfer instructions, account statements, online account payment data, and other documents bearing routing numbers, account numbers and/or names of financial institutions);

    f. internal and external communications and/or other documents regarding the extension or declination of credit;

    g. registration and/or title documentation;

    h. the underwriting package;

    i. any financial statement and any declaration of assets;

    j. credit reports;

    k. any proof of ownership of any asset provided in connection with the loan;

    l. all proof of payments made in connection with the loan, to the extent not provided in connection with request #1;

    m. any indenture where the Bank acted as trustee and any of the Customers provided a guarantee;

    n. any financial statement and any declaration of assets;

    o. credit reports;

    p. all Documents relating to the source of funds used to make payments on the loan;

    q. all Documents executed in connection with the loan, and any attachments or exhibits thereto.

5. All Documents pertaining to open or closed loans or mortgage Documents, reflecting loans made to, guaranteed by or co-signed by any of the Customers, including indentures, syndicated loans, etc. where the Bank acted as agent or trustee, including but not limited to:

    a. any indenture where the Bank acted as trustee and any of the Customers provided a guarantee;

    b. the most recent loan or mortgage statement;

    c. the underwriting package;

    d. any financial statement and any declaration of assets;

    e. credit reports;

    f. any proof of ownership of any asset provided in connection with the loan or mortgage;

    g. all proof of payments made in connection with the loan or mortgage, to the extent not provided in connection with request #1;

    h. all Documents relating to the source of funds used to make payments on the loan or mortgage;

    i. all Documents executed in connection with the loan or mortgage, and any attachments or exhibits thereto.

6. All Documents pertaining to Certificates of Deposit purchased or redeemed by any of the Customers.

7. All Documents pertaining to all Cashier's, Manager's, or Bank Checks, Traveler's Checks, and Money Orders purchased or negotiated by any of the Customers.

8. All Currency Transactions Reports (CTR Form 4789) and Reports of International Transportation of Currency or Monetary Instruments (Form 4790) filed by Bank with the Department of Treasury, Internal Revenue Service or the United States Customs Service, relating to any currency transactions conducted by or on behalf of any Customer.

9. Logs or spreadsheets listing all wire transfers initiated, originated, credited to, or ultimately received by any Customer during the Relevant Period, in which transfers the Bank acted solely as an intermediary bank or correspondent bank to CHIPS, Fedwire, or otherwise to facilitate an interbank funds transfer.

10. To the extent not included in Document Request No. 9, logs or spreadsheets of all payment messages—whether generated by CHIPS, SWIFT, Fedwire, or any other interbank payment service—regarding any wire transfer initiated, originated, credited to, or ultimately received by any Customer, in which transfer the Bank acted <u>solely</u> as an intermediary bank or correspondent bank to CHIPS, Fedwire, or otherwise to facilitate an interbank funds transfer.