## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### *Tampa Division*
www.flmb.uscourts.gov

IN RE:                                                          Chapter 11

GABY FRAIFER,                                          Case No.: 8:22-bk-02423-MGW

_____/

## PLAN OF REORGANIZATION

**GABY FRAIFER** (the "Debtor")  takes the position that the Plan of Reorganization (the "Plan") provides "adequate information" under 11 U.S.C. § 1125(f)(1) of the Bankruptcy Code.  The Debtor does not intend to file a separate Disclosure Statement.

## BACKGROUND

### A. Description and History of the Debtor's Business

The Debtor is an individual who derives his income from interests in three limited liability companies.

### B. Liquidation Analysis

An itemized analysis of the Debtor's assets is attached hereto as Exhibit "A" and incorporated herein by reference.

### C. Ability to Make Future Plan Payments and Operate Without Further Reorganization

The Debtor's Plan will be funded by the current and future income earned by the Debtor and his non-debtor wife.  The Debtor proposes a reasonable Plan which is proposed in good faith and not by any means forbidden by law.  Attached hereto as Exhibit "B" and incorporated herein by reference are Debtor's projected financials evidencing feasibility of the Plan as well as the Debtor's disposable income.

## ARTICLE I
## SUMMARY

The Plan under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of the Debtor from the Debtor's current and future earnings.

This Plan provides for two (2) classes of secured claims and one (1) class of general unsecured claims. Unsecured creditors holding allowed claims will receive a pro rata distribution of the Debtor's projected net disposable income payable over five years. This Plan also provides for the payment of administrative and priority claims under the terms to the extent permitted by the Code or by agreement between the Debtor and the claimant.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1.        The secured claim of Faraj Freifer, to the extent allowed under § 506 of the Code.

2.02    Class 2.        The secured claim of Dish Network, L.L.C., to the extent allowed under § 506 of the Code.

2.03    Class 3.        All general unsecured claims allowed under § 502 of the Code.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
## U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims.  Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes.

3.02    Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in *Article VII*) or on such other date as authorized under the Code, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.  The Debtor estimates additional attorney, accounting, and Subchapter V Trustee administrative fees of approximately $30,000. Under no circumstance will the Debtor make payment on administrative fees absent Court order authorizing said fees.

3.03    Priority Tax Claims.  Each holder of a priority tax claim will be paid as allowed under 11 U.S.C. § 1129(a)(9) or as authorized agreed to by the Debtor and the claimant.

## ARTICLE IV

**TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN**

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Secured Claim of Faraj Freifer | Unimpaired | Faraj Freifer holds an allowed secured claim in the amount of $1,000,000 secured by the Debtor's interests in Gulf Brisas, LLC; GTLF Madeira, LLC; and Fraifer Investment, LLC. The Debtor will continue making payments to claimant in accordance with the underlying loan documents.  Claimant will retain its lien to the same extent, validity, and priority as existed pre-petition. |
| Class 2 - Secured Claim of Dish Network, L.L.C. | Impaired | The Debtor scheduled the claim of Dish Network, LLC as secured on Schedule D to the Debtor's Voluntary Petition. However, claimant filed its claim [Claim No. 3] as wholly unsecured.  Therefore claimant's claim will be treated pursuant to Class 3 and there are no claims in Class 2. |

| Class 3 - General Unsecured Creditors | Impaired | The Debtor will pay his projected net disposable income for the period described in § 1191(c)(2) to pay claimants in this class with allowed claims. The Debtor presently projects this amount to be approximately $90,000. Claimants will be paid their pro rata share of the projected net disposable income without interest, in twenty quarterly payments over $4,500 with payments commencing on the start of the calendar quarter immediately following the Effective Date of Confirmation and continuing for a total of twenty consecutive quarters.  In the event that this quarter starts less than thirty (30) days after the entry of the Confirmation Order, payment shall not commence until the following quarter.

Promissory notes will be issued to each creditor in this class with allowed claims to evidence payments, which promissory notes shall be enforceable in any Court of Competent Jurisdiction.  The amount of the pro rata distribution will be considered final and binding thirty (30) days after the filing of the Certificate of Substantial Consummation by the Debtor.  A copy of a sample promissory note is attached hereto as Exhibit "C" and incorporated herein by reference. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01   Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02   Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03   Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.04   Objection to Claims.  Entry of the confirmation of the Plan does **not** bar the Debtor from objecting to a proof of claim that has been filed or deemed filed.  The Debtor shall have 30 days

after entry of the Order Confirming Plan to file objections to proofs of claim without prejudice to seek an extension for good cause.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01   Assumed Executory Contracts and Unexpired Leases.

(a)   The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan:

None.

(b)   The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan unless plead otherwise through specific motion.   A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after either the date of the order confirming this Plan or the date upon which an order entered by this Court terminated said lease or contract, whichever date occurs earliest.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The Debtor's Plan will be funded by the current and future income earned by the Debtor and his wife. The Debtor receives distributions from three interests in LLCs.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01   Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: None.

8.02   Effective Date of Plan.  The effective date of this Plan is the first day of the month that is at least fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03   Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07    <u>Administration of Plan</u>.

a.    <u>Consensual Plan</u>. In the event that confirmation of the Plan is consensual (i.e. all impaired classes have voted to accept the Plan, the Debtor will be responsible for the administration of payments under the Plan.  The Subchapter V trustee shall be discharged from their duty upon substantial consummation of the Plan.

b.    <u>Non-consensual Plan</u>. In the event that all impaired classes fail to vote to accept the Plan, the Debtor will be responsible for the administration of payments under the Plan. The Subchapter V trustee shall be discharged from their duty upon substantial consummation of the Plan. In the event the Debtor fails to tender a payment under the Plan, the affected party may seek appropriate relief, including dismissal of the Debtor's bankruptcy case or conversion to Chapter 7.

c.    <u>Post Confirmation Operating Reports and Tax Returns</u>. The Debtor shall be responsible for drafting and filing all required post-confirmation operating reports and tax returns.

## <u>ARTICLE IX</u>
## <u>DISCHARGE</u>

9.01    <u>Consensual Plan</u>. If the Plan is confirmed under § 1191(a), on the Effective Date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

9.02    <u>Non-consensual Plan</u>.  If the Plan is confirmed under 1191(b), the Debtor shall receive its discharge once all payments due within the first five years of the Plan have been made, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

## ARTICLE X
## OTHER PROVISIONS

10.1 <u>Retention of Jurisdiction</u>.  Until the case is closed the Court shall retain jurisdiction to insure that the purpose and intent of the Plan are carried out.  The Court shall retain jurisdiction to hear and determine the following:

    a.    The classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting and the determination of such objections as may be filed against creditor's claims;

    b.    The determination of all questions and disputes regarding title to the assets of the estate and the determination of all causes of action, controversies, disputes or conflicts whether or not subject to action pending as of the date of confirmation between the Debtor and any other party included but not limited to any rights of parties in interest to recover assets pursuant to the provisions of Title 11 of the United States Code;

    c.    The correction of any defect, the curing of any omission or the reconciliation of any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purposes and intent of the Plan;

    d.    The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code;

    e.    The enforcement and interpretation of the terms and conditions of this Plan;

    f.    The entry of an Order including injunctions necessary to enforce  the title rights and powers of parties in interest and to impose such limitations, restrictions, terms and conditions of such title rights and powers as this Court may deem necessary; and

    g.    The entry of an order concluding and terminating this case.

**DATED** on this 14th day of September, 2022.

/s/ Gaby Fraifer
Gaby Fraifer


BUDDY D. FORD, P.A.,


/s/ Buddy D. Ford
Buddy D. Ford, Esquire (FBN: 0654711)
Email: Buddy@tampaesq.com
Jonathan A. Semach, Esquire (FBN: 0060071)
Email: Jonathan@tampaesq.com
Heather M. Reel, Esquire (FBN: 0100357)
Email: Heather@tampaesq.com
9301 West Hillsborough Avenue
Tampa, Florida  33615-3008
Telephone #: (813) 877-4669
Office Email: All@tampaesq.com
Attorney for Debtor


### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of September,  2022,  true and correct copy of the foregoing has been furnished by electronic mail upon all currently registered users in this case by the Court's CM/ECF and by U.S. Mail to:

Gaby Fraifer, 4801 Longwater Way, Tampa, FL 33615
20 Largest Unsecured Creditors


/s/ Buddy D. Ford
Buddy D. Ford, Esquire (FBN: 0654711)
Email: Buddy@tampaesq.com

8