UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

GABY FRAIFER,

                              Chapter 11

    Debtor.                    Case No.: 8:22-bk-02423-MGW

**RESPONSE TO CREDITOR DISH NETWORK, L.L.C.'S
OBJECTION TO CLAIM OF EXEMPTION FOR ACCOUNT
WITH JPMORGAN CHASE BANK, N.A.**

      Debtor GABY FRAIFER, by and through his undersigned attorney, hereby responds to the Creditor Dish Network L.L.C.'s Objection to Claim of Exemption for Account with JPMorgan Chase Bank, N.A. (Doc. 203), and in support thereof the Debtor states as follows:

      1.     Creditor Dish Network L.L.C. ("DISH") filed an objection to Debtor's schedule C claiming as exempt the amount of $15.00 in his JPMorgan Chase bank account with the number ending in 9622.

      2.     The basis of the objection is that the signature card does not properly evidence the debtor and his wife's intention to hold the property jointly as tenants by the entirety.

      3.     The bank account was opened in August of 2019 and the debtor's wife was added to the account two months later in November

      4.     At the time the wife's name was added to the account, debtor was advised that the bank signature cards did not have an option on the form for "tenants by the entirety" which is

1

common with many banks, a fact even referenced in <u>Beal Bank, SSB v. Almand & Associates,</u> 780 So. 2d 45(Fla. 2001).

5.  Additionally, the only reason that the debtor's wife was not on the account at its inception was because she was unable to go to the bank at the same time as the debtor to open the account, and debtor was advised by the bank that he could easily add her to the account afterwards with no issue.

6.  By adding the spouse's name to the account, debtor clearly demonstrated an intention to hold the account jointly with his wife.

7.  At the time of the filing of the bankruptcy, debtor and his wife jointly owned the bank account so a claim of exemption as tenants by the entirety is proper, regardless of whether the words "tenants by the entirety" appear on the bank account documents.

8.  Our debtor added his wife to the account merely two months after opening it, not many years later as in cases cited in DISH's objection.  This case also differs from case law cited by DISH in that the debtor was married at the time of the account opening.

In addition, the wife was added to the account three years before the bankruptcy case was filed.  The unity of time requirement for tenancy by the entirety is met under these circumstances, considering the transactions that would have occurred in the account during those years.

9.  In other words, the debtor was married at the time the money in question was acquired through the joint account from November of 2019 to the date of the filing of this bankruptcy case, so this court should find the timestamp for the unity of time as being the date of the last deposit into the account in an amount equal to or greater than the $15.00 claim of exemption at issue.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order overruling the objection and for such other and further relief as is just.

Respectfully submitted,

*/s/ Samantha L. Dammer*
Samantha L. Dammer
Florida Bar No.: 0036953
Bleakley Bavol Denman & Grace
15316 N. Florida Avenue
Tampa, FL 33613
Ph: (813) 221-3759
Facsimile: (813) 221-3198
SDammer@bbdglaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing was served on this 3rd day of February 2023, on all parties receiving ECF e-service.

*/s/ Samantha L. Dammer*
Samantha L. Dammer
Florida Bar No.: 0036953
Bleakley Bavol Denman & Grace
15316 N. Florida Avenue
Tampa, FL 33613
Ph: (813) 221-3759
Facsimile: (813) 221-3198
SDammer@bbdglaw.com