UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

GABY FRAIFER,                                  Chapter 11
                                                                                           Case No.: 8:22-bk-02423-CED

        Debtor.
_____/

## JOINT PRE-TRIAL STIPULATION

For Hearing on:

1. PLAN OF REORGANIZATION (D.E. 141).

2. OBJECTION TO CONFIRMATION OF PROPOSED PLAN (D.E. 154) OF THE PLAN

3. MOTION TO DISMISS, CONVERT, OR REMOVE THE DEBTOR IN POSSESSION (D.E. 155).

4. DISH NETWORK L.L.C.'S OBJECTION TO CLAIM OF EXEMPTION FOR ACCOUNT WITH JPMORGAN CHASE BANK, N.A. (DOC. 203)

5. RESPONSE TO DISH NETWORK L.L.C.'S OBJECTION TO CLAIM OF EXEMPTION FOR ACCOUNT WITH JPMORGAN CHASE BANK, N.A. (DOC. 214)

MAY 2, 2023, 9:30 AM.

**DISH Network L.L.C.'S Claim**

1.     DISH Network, L.L.C. ("Creditor") obtained a judgment against Gaby Fraifer ("Debtor") for willful direct copyright infringement claims for an amount of $600,000.00 on April 19, 2022 ("DISH Judgment") in Case No: 8:16-cv-2549-TPB-CPT pending before the Federal District Court for the Middle District of Florida ("Trial Court"). Proof of Claim 3; Judgment; Depo. Tr. of Debtor, p.: 207:8:25.

2.      The Judgment was recorded in the real property records for Hillsborough County, Florida on June 14, 2022.  Proof of Claim 3; Judgment.

3.      Debtor filed a motion under Fed. R. Civ. P. 59 to alter or amend the DISH Judgment ("Debtor's Motion to Amend DISH Judgment").  Debtor's Motion to Amend DISH Judgment is fully briefed before the Federal District Court for the Middle District of Florida, but has not been adjudicated.  Trial Court Docket.

4.      Creditor filed an adversary proceeding against Debtor seeking a determination that the DISH Judgment is non-dischargeable, Case no.: 8:22-ap-00175-CED.  See Docket for 8:22-ap-00175-CED.

5.      The Adversary Proceeding is pending.  See Docket for 8:22-ap-00175-CED.

6.      Creditor filed a proof of claim for approximately $1.6 million that includes the $600,000 Judgment plus the attorneys' fees and costs Creditor incurred in Case No: 8:16-cv-2549-TPB-CPT.  Proof of Claim 3; Judgment.

7.      Creditor would be entitled to its reasonable costs and attorneys' fees incurred in Case No: 8:16-cv-2549-TPB-CPT if the Debtor's Motion to Amend DISH Judgment is denied.  Proof of Claim 3.

8.      The amount of Creditor's costs and attorney's fees has not yet been adjudicated or liquidated in the Trial Court.  Trial Court Docket, *passim*.

9.      Debtor did not object to the Creditor's claim.  Docket, *passim*.

**Debtor's Assets and Liabilities**

10.     Debtor filed the petition on June 17, 2022.  See D.E. 1, Petition.

11. Nearly all of Debtor's assets are either held with his spouse, Lina El Souss, in tenancy by the entireties or are otherwise exempt. See D.E. 1, Schedule C; D.E. 116, Amended Schedule A/B; Plan, Ex. A.

12. Debtor's homestead is owned with Lina El Souss and Debtor valued the house at approximately $1.97 million. D.E. 1 Schedule A/B.

13. Debtor also owns vehicles, household furnishings and personal property, which he also claims to be exempt. D.E. 1, Schedule A/B.

14. The only non-exempt assets Debtor disclosed that he holds without his spouse are Debtor's 10% membership interests in GTLF Madeira, LLC, Gulf Brisas, LLC, and Fraifer Investments, LLC (the "LLCs") (Debtor asserts his interests in the LLCs are subject to an alleged security interest in favor of the Debtor's brother, Faraj Fraifer) and shares of stock in Planet Telecom, Inc. and Tele-Center, Inc. (the "Corporations"), which are both worthless. See D.E. 1, Schedule C; D.E. 116, Amended Schedule A/B; 341 Tr. at pp. 7:15 – 17; Plan, Ex. A.

15. The Debtor's Schedules indicate $1,600,000.00[1] in secured claims and $248,126.80 in unsecured claims. D.E. 1, Schedules D and E/F.

16. The total amount of filed, unsecured claims is $1,814,444.06. See Claims Register.

17. Debtor's pre-petition monthly expenses were approximately $27,000 per month. D.E. 1, Schedule J.

18. The Debtor has four (4) children, each over the age of eighteen (18). Gaby Fraifer, Jr. is twenty-two (22) years old, Leanna Fraifer is twenty-one (21) years old, Thalia Fraifer is

---

[1] Debtor scheduled Creditor's claim as a secured claim for $600,000, but given that Creditor's judgment was rendered during the preference period, and Debtor's schedules did not disclose any property to which Creditor's judgment lien could attach, Creditor did not take the position that it is a secured creditor.

nineteen (19) years old and Geno Fraifer is eighteen (18) years old. Depo. Tr. of Debtor, 177:20:21, 178:9:10, 178:15:16, 179:4:5.

19.     Gaby Fraifer, Jr. does not currently attend college/university, but may enroll in graduate school, and the Debtor and Lina El Souss may provide some financial assistance for him to do so. Depo. Tr. of Debtor, 178:17 – 179:18, 180:7:11.

20.     Leanna Fraifer attends Northeastern University and is a junior. Debtor estimates that Debtor and Lina El Souss pay approximately $60-70,000 for Leanna Fraifer's tuition, room and board and other expenses, per year. Depo Tr. of Debtor, 175:19:22, 176:2:4, 176:22 – 177:21, 180:7:11.

21.     Thalia Fraifer attends University of Central Florida and is a freshman. Debtor estimates that Debtor and Lina El Souss pay approximately $15,000 per year for Thalia Fraifer's room and board and other expenses, per year (Thalia has a scholarship, which pays her tuition). Depo. Tr. of Debtor, 175:23 – 176:4, 177:22 – 178:8, 180:7:11.

22.     Geno Fraifer will graduate from Berkeley Preparatory School in Spring 2023. He plans to attend college/university next year. Debtor and Lina El Souss are not sure where he will attend but they anticipate paying his tuition, room and board and expenses. Depo Tr. of Lina El Souss, 71:20 – 72:5; Depo. Tr. of Debtor, 174:23 – 175:18, 176:5:21, 178:11:14, 180:7:11.

### The LLCs

23.     Lina El Souss, a/k/a Lina Fraifer, is the 90% member interest holder in the LLCs and Debtor is the 10% member interest holder. See Operating Agreement for GTLF Madeira LLC, Art. VIII; Operating Agreement for Fraifer Investment LLC, Art. VIII; Operating Agreement for Gulf Brisas LLC, Art. VIII; LLC Memorandum for GTLF Madeira; LLC Memorandum for Gulf Brisas; LLC Memorandum for Fraifer Investment.

24. Prior to the Debtor's bankruptcy filings, the LLCs periodically made distributions to the Debtor and Lina El Souss. See 341 Tr. at 30:18-32:13; GTLF Madeira LLC Schedule K1s 2018 – 2021; Fraifer Investment Schedule K1s 2018 – 2021; Gulf Brisas Schedule K1s 2018 – 2021; D.E. 1, Schedule I; Bank of America Records for Accounts Ending in 5925, 4130, 8231 and 3121.

25. Prepetition, Debtor and Lina El Souss maintained a joint bank account at Bank of America, N.A., ending in 5925 ("5925 Account"). Depo. Tr. of Debtor, 184:21 – 185:25.

26. During all times relevant, each of the LLCs maintained their respective bank accounts at Bank of America. These accounts end in 4130 (in the name of Gulf Brisas LLC), 8231 (in the name of GTLF Madeira LLC) and 3121 (in the name of Fraifer Investment LLC) (collectively, "LLC Accounts"). Bank of America records; Depo. Tr. of Debtor, 55:3:12, 65:20 - 66:25; 154:1:6; 183:9 – 184:20.

27. Prepetition, the LLCs made all distributions to Debtor and Lina El Souss to the 5925 Account and postpetition, Debtor's distributions from the LLCs were made to the DIP account. Bank of America records; Depo. Tr. of Debtor, 31:4 – 32:8; 154:1:6; 186:15 – 189:19.

28. The LLCs have one employee—Debtor as manager—and he is paid by Gulf Brisas. Depo. Tr. of Gaby Fraifer, pp.: Depo. Tr. of Debtor, pp.: 59:18 - 60:7; 115:21 – 116:4.

29. Prior to the bankruptcy, Gulf Brisas had no employees. See 341 Meeting Tr. at 20:10-12; Depo. Tr. of Debtor, p.: 62:11:13.

30. Gulf Brisas generates revenue from owning a commercial property that it rents to tenants. The property has four units, two of which are rented, now. Over the last five years, the property has not been rented at full capacity at any time. Depo. Tr. of Debtor, 44:4 – 47:10. Gulf Brisas generates approximately $10,000 per month in gross revenue. Id. at 49:8:22.

31. Gulf Brisas has a loan outstanding to Debtor's brother in law, George El Souss in the principal amount of $1.35 million. The monthly payments on this loan are approximately $10,000, the loan matured in December 2022, the loan is currently in forbearance until September 2023 but there is no document evidencing the forbearance. The Debtor is uncertain if George El Souss will continue to forbear from payment. Gulf Brisas Promissory Note; Depo. Tr. of Debtor, 162:2 – 165:22.

32. Fraifer Investment generates revenue from renting commercial property to a tenant. The property has one unit which has been rented to the same tenant since 2020. Fraifer Investment generates approximately $14,500 per month from this tenant. Depo. Tr. of Debtor, pp.: 75:15 – 80:16.

33. The expenses of both Gulf Brisas and Fraifer Investment amount to approximately $5,000 per month, combined. Depo. Tr. of Debtor, pp.: 138:25 – 142:9.

34. Gulf Brisas and Fraifer Investment together generate around $24,500 in gross revenue per month. Debtor anticipates that GTLF Madeira will, at some point, engage in a new venture that may generate revenue. Depo. Tr. of Debtor, pp.: 130:9 – 134:9.

35. GTLF Madeira generates revenue from a loan owed in the principal amount of $1.35 million by an owner of real property on which GTFL holds a mortgage. Depo. Tr. of Debtor, p. 18:1:20. The loan was partially paid for approximately $1.2 million such that only $150,000 remains outstanding and no monthly payments have been paid. Instead, Debtor anticipates the borrower will pay back the remaining balance. GTLF Madeira will then take the amounts received in payment of the loan and reinvest them in a new venture (rather than disbursing as distributions), which Debtor is still considering. Depo. Tr. of Debtor, pp.: 23:23 – 28:6.

36. Gulf Brisas pays the Debtor a net salary (after taxes) of approximately $10,000 per year (a gross salary of approximately $1,000 per month). Depo. Tr. of Debtor, pp.: 59:18 - 60:7.

37. There is no written agreement between Debtor and Gulf Brisas regarding the payment of this salary and there was no negotiation regarding the amount of the salary. Depo. Tr. of Debtor, pp.: 115:21 - 116:7.

38. Gulf Brisas began paying this salary to Debtor after Debtor filed for bankruptcy. See 341 Tr. at 20:13:19 and 29:15:20; GTLF Madeira LLC P&Ls; Gulf Brisas LLC P&Ls; Fraifer Investment LLC P&Ls; D.E. 122, Periodic Report Concerning Related Entities (GTLF Madeira, LLC), July 14, 2022; D.E. 124, Periodic Report Concerning Related Entities (Fraifer Investment, LLC), July 14, 2022; D.E. 125, Periodic Report Concerning Related Entities (Gulf Brisas, LLC), July 14, 2022; Monthly Operating Reports, D.E. 132, 138, 142, 146, 158, 171, 188, 204, 217, 222; Depo. Tr. of Debtor, 60:18 – 61:11.

39. After the Debtor filed for bankruptcy, the LLCs have continued to make distributions to the Debtor. See Monthly Operating Reports, D.E. 132, 138, 142, 146, 158, 171, 188, 204, 217, 222.

40. Debtor's income is solely the approximately $2,000 per month he receives, in aggregate, as monthly membership distributions from the LLCs and the $1,000 gross monthly salary from Gulf Brisas. D.E. 1, Schedule I; D.E. 133; Monthly Operating Reports, D.E. 132, 138, 142, 146, 158, 171, 188, 204, 217, 222.

41. Since the petition, Debtor generates around $2,000 - $4,000 per month but carries unpaid expenses, including to Debtor's prior counsel. Monthly Operating Reports, D.E. 132, 138, 142, 146, 158, 171, 188, 204, 217, 222; Depo. Tr. of Debtor, pp.: 197:2:12.

42. Lina El Souss's income is solely derived from the distributions from her 90% ownership interest in the LLCs; the Debtor anticipates this amount is $18,000 per month. D.E. 1, Schedule I; D.E. 141 Plan, Exhibit B.

### The Corporations

43. Tele-Center, Inc. is out of business, has not had any operations for several years and only owns set-top boxes that it is precluded from selling based upon the injunction entered by the Federal District Court in the Debtor's litigation with Creditor. See 341 Meeting Tr. at 12:2-13:6, and 47:9-49:6.

44. Tele-Center has had no revenue for the last three years and has only lost money during the last three years ($740,010, $270,000 and $436,000, respectively). See D.E. 121, Periodic Report Concerning Related Entities (Tele-Center, Inc.), July 14, 2022; Depo. Tr. of Debtor, p.: 206:5:10.

45. Planet Telecom is also out of business, never had any operations and owns nothing and has generated no revenue over the past several years. See 341 Meeting Tr. at 11:22:25, 12:1:15, 46:23 – 47:8; Periodic Report Concerning Related Entities (Planet Telecom, Inc.), July 14, 2022; Depo. Tr. of Debtor, p. 206:18:22.

46. Debtor has no concrete plans to reinvigorate Tele-Center and Planet Telecom back into revenue-generating businesses. See 341 Meeting Tr. at 13:9:15; Depo. Tr. of Debtor, pp.: 204:17 – 205:13; 206:15:17.

### Debtor's Loan Relationship with Faraj Freifer

47. The Debtor's Schedules assert that the Faraj Freifer, Debtor's brother, holds a $1 million claim that is secured by the Debtor's 10% interest in the LLCs. D.E. 1, Schedule D.

48.  The basis of Faraj Freifer's claim is a loan Faraj Freifer allegedly made to the Debtor in 2017.  See December 8, 2017 Promissory Note from Debtor to Faraj Freifer ("Faraj Note").

49.  Faraj Freifer's alleged loan was initially unsecured, but in January 2021, Faraj Freifer extended the date for repayment and the Debtor agreed to grant Faraj Freifer a security interest in the Debtor's 10% interest in the LLCs.  See January 2021 Security Agreement for Faraj Note; January 2021 Loan Forbearance Agreement to Faraj Note.

50.  Faraj Freifer has not filed a proof of claim.  See Claims Register, *passim*.

51.  Debtor asserts that the debt owed to Faraj Freifer is $1 million plus accrued interest.  Depo. Tr. of Debtor, pp. 114:23 - 115:4.

52.  Debtor made a $100,000 payment to Faraj Freifer on the loan, previously.  Depo. Tr. of Debtor, pp. 114:8:22.

### Debtor's Plan

53.  The Debtor's Proposed Plan (D.E. 141) proposes that the Debtor retain nearly all of his assets (as Debtor claims they are exempt and/or co-owned with his non-debtor spouse or the subject of a lien in favor of the Debtor's brother).  D.E. 141 Plan, Article I; §4.01.

54.  The Plan proposes to pay the secured claim of Faraj Freifer in full.  D.E. 141, Plan § 4.01, Class 1.

55.  The Plan proposes to pay a total estimate of approximately $90,000 to the aggregate body of creditors over five years,  Plan, §4.01.

56.  The Debtor has indicated that Faraj Freifer may extend the time for repayment, but the Debtor has not received Faraj Freifer's consent to the same.  Depo. Tr. of Debtor, 113:15 – 114:7.

57. The Plan Projections show proposed expenditures including housekeeping and cleaning services (approx. $12,000 per year), food and groceries (approx. $36,000 - $39,000 per year) paying college tuition and living expenses of four adult children (approx. $120,000 – $126,000 per year for years 1 – 3 and then $80,000 for years 1 - 5), and a catchall "other" expenses category (approx. $12,000 - $13,000 per year).  Plan, Section C, Ex. B.

58. The expenses for the children in the form of tuition at colleges, room, board, expenses and other financial assistance are included in the "Educations (School and Colleges)" line item in the Plan.  Deposition of Debtor, pp.: 181:16 – 182:4.

59. The Plan Projections show total annual expenditures of $226,980 (approx. $18,915 per month) in year 1, $232,654 (approx. $19,387 per month) in year 2, $238,471 (approx.. $19,872 per month) in year 3, $195,206 (approx. $16,267) in year 4, and $198,086 (approx. $16,507) in year 5.

60. The Plan is funded by Debtor's salary paid by Gulf Brisas, Debtor's anticipated distributions from the LLCs and Lina El Souss's anticipated distributions from the LLCs.  Plan, Section C; Ex. B.  Depo. Tr. of Debtor, pp.: 123:7 – 125:21.

61. The Plan only requires the Debtor to make payments to the unsecured creditors if the Debtor and Lina El Souss receive income over and above the expenses.  Plan, Section C; Article I, §4.01; Ex. B.

62. The Plan provides that the debtor will obtain discharge of all claims except those specified in § 1141(d)(6)(A) and (B).  Plan, §§ 9.01 and 9.02.

63. The Plan also proposes to discharge Debtor for Creditor's claim.  Plan, Art. IX.

64. The Plan provides for no avoidance or clawback actions whatsoever.  D.E. 141, Plan, *passim*.

65. Debtor does not plan to pursue avoidance actions to claw back distributions to Debtor that were paid into the 5925 Account, pre-petition. Depo. Tr. of Debtor, 210:12 – 211:17.

### JPMorgan Chase Account

66. The Debtor's schedules claim as exempt, under 11 U.S.C. § 522(b)(3)(B), a bank account at JPMorgan Chase Bank, N.A., with an account number ending in 9622 ("Chase Account"). See D.E. 1, Schedule C; D.E. 116, Amended Schedule A/B.

67. The signature card for the Chase Account dated August 8, 2019 indicates that the Chase Account was opened by Debtor in August 8, 2019, indicates under "type of ownership" that the Chase Account is an "individual" account, and states the account number is 9622. Chase Records.

68. Later, on November 27, 2019, Lina El Souss's name was added to the Chase Account. Chase Records when she came into the branch. Chase Records; Depo. Tr. of Lina El Souss, 94:7 – 96:9.

69. The signature card dated November 27, 2019 indicates under "type of ownership" that the Chase Account is a "joint" account and states the account number is 9622. Chase Records.

70. As of November 27, 2019, Chase did not provide an option to married couples to have an account entitled "tenancy by the entireties" or "TBE". Thus, the titling of the Chase Account as "joint" is not dispositive of whether or not Chase Account is or is not exempt as held as tenancy by the entireties account.

Dated: April 26, 2023

Respectfully submitted,

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
E-Mail: dcoyle@sequorlaw.com
E-mail: jrome@sequorlaw.com

By: */s/Daniel M. Coyle*
Daniel M. Coyle
Florida Bar No. 55576
Joseph B. Rome
Florida Bar No. 122768

BLEAKLEY BAVOL DENMAN & GRACE
15316 N. Florida Avenue
Tampa, FL 33613
Ph: (813) 221-3759
Facsimile: (813) 221-3198
SDammer@bbdglaw.com

By: */s/ Samantha L. Dammer*
Samantha L. Dammer
Florida Bar No.: 0036953

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via regular US mail to all participants who are not on the list to receive e-mail notice/service for this case as indicated on the service list on April 26, 2023.

                                      */s/ Daniel M. Coyle*
                                      Daniel M. Coyle

## SERVICE LIST

**Electronic Mail Notice List:**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

**Samantha L Dammer**    sdammer@bbdglaw.com sfilipenko@bbdglaw.com
**Ruediger Mueller**    trustee@tcmius.com crm11@trustesolutions.net
**Nicole Peair**    Nicole.W.Peair@USdoj.gov
**United States Trustee - TPA**    USTPRegion21.TP.ECF@USDOJ.GOV
**Alberto F Gomez, Jr.** al@jpfirm.com al@jpfirm.com andrenaw@jpfirm.com katherineb@jpfirm.com
**Joseph Benjamin Rome** jrome@sequorlaw.com mrivera@sequorlaw.com

**Manual Notice List:**
    None

**Via Process Server:**
    None